UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHELLE PFAFF,

       Plaintiff,                                  Hon. Ellen S. Carmody

v.                                                      Case No. 1:16-CV-544

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. On August 19, 2016, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment. (ECF No. 13). Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984).

As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This

standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was 32 years of age on her alleged disability onset date. (PageID.58). She successfully completed college and worked previously as a file clerk. (PageID.91, 343-44). Plaintiff applied for benefits on March 14, 2012, alleging that she had been disabled since June 8, 2007, due to reflex sympathetic dystrophy in her left foot and right shoulder, depression, and anxiety. (PageID.310-11, 337). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.138-308). On August 19, 2013, Plaintiff appeared before ALJ Paul Jones with testimony being offered by Plaintiff and a vocational expert. (PageID.81-124). In a written decision dated August 27, 2013, the ALJ determined that Plaintiff was not disabled. (PageID.156-63). The Appeals Council subsequently remanded the matter to the ALJ who, after another hearing, denied Plaintiff's claim in a written decision dated March 13, 2015. (PageID.48-80). The Appeals Council declined to review the ALJ's decision, rendering it the Commissioner's final decision in the matter. (PageID.38-42). Plaintiff subsequently initiated this pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*,

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) left foot reflex sympathetic dysfunction (RSD); (2) bilateral shoulder dysfunction; (3) affective disorder; and (4) anxiety disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.50-53). With respect to Plaintiff's residual functional capacity, the ALJ found that Plaintiff retained the ability to perform sedentary work subject to the following limitations: (1) she can only occasionally reach overhead bilaterally; (2) she is limited to simple, routine, and repetitive tasks; and (3) she is limited to jobs with only occasional changes in the work setting and only occasional public interaction. (PageID.53).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a

significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 150,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.58-59). This represents a significant number of jobs. *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).

I. **The ALJ Properly Evaluated the Medical Evidence**

On May 11, 2012, Plaintiff participated in a consultive psychological examination conducted by Leonard McCulloch, LLP. (PageID.476-85). On May 25, 2012, Plaintiff participated in a consultive physical examination conducted by Dr. Karen Krieger. (PageID.486-91). The ALJ afforded limited weight to the opinions expressed by these consultive examiners. Plaintiff argues that she is entitled to relief because the ALJ erred by affording greater weight to the opinions expressed by other medical professionals.

McCulloch reported that Plaintiff's "abilities to understand, remember, and carry out simple instructions like on the MSE are opinioned to not be severely impacted but moderate weaknesses are seen in areas of attention, concentration, short term memory, and processing information in a novel fashion and in translating abstract proverb material." (PageID.484). McCulloch further "opinioned" that Plaintiff's ability to "respond to others appropriately, including coworkers and supervisors," was "severely impacted." (PageID.484). McCulloch concluded that

"it is opinioned that no serious employer would hire" Plaintiff and, furthermore, that Plaintiff "is in very strong need" of mental health therapy. (PageID.484).

Because McCulloch examined Plaintiff on only one occasion his opinions are not entitled to any particular weight or deference. *See, e.g., Kornecky v. Commissioner of Social Security*, 167 Fed. Appx. 496, 506-07 (6th Cir. 2006). The ALJ nevertheless afforded "partial weight" to McCulloch's opinion as evidenced by the ALJ's determination that Plaintiff was limited to simple, routine, and repetitive tasks and jobs with only occasional changes in the work setting and only occasional public interaction. (PageID.53, 56). As for McCulloch's opinion that Plaintiff's ability to "respond to others appropriately" was "severely impacted," the ALJ observed that the term "severely impacted" is "vague and difficult to quantify, unlike the defined terms used by the Administration." (PageID.56). As for McCulloch's opinion that "no serious employer would hire" Plaintiff, the ALJ correctly rejected such on the ground that whether Plaintiff is disabled is a matter reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1).

The ALJ's rationale for affording limited weight to McCulloch's opinion is supported by substantial evidence. Furthermore, to the extent that McCulloch opined that Plaintiff is more limited than the ALJ recognized, such is contradicted by the medical evidence. While Plaintiff acknowledged that she has Blue Cross Blue Shield health insurance that covers mental health treatment, the record contains no indication that Plaintiff has opted to receive treatment. (PageID.95). Thus, no mental health professional who has regularly treated Plaintiff has expressed an opinion contrary to the ALJ's RFC. There is also evidence that when Plaintiff has been prescribed medications to treat her depression and anxiety, Plaintiff has failed to regularly take such.

(PageID.393, 556). The Court, therefore, discerns no error by the ALJ in his assessment of Mr. McCulloch's opinions.

The ALJ afforded "little weight" to Dr. Krieger's opinions on the ground that the doctor's "impressions do not quantify the scope of [Plaintiff's] physical impairment." (PageID.57). As the ALJ noted, Dr. Krieger's "basic conclusions are that 'claimant claims stuff.'" (PageID.57). While not artfully stated, the ALJ is correct that Dr. Krieger noted Plaintiff's many allegations of severe pain and limitation. Nevertheless, Dr. Krieger did not express an opinion or make any findings on physical examination that are inconsistent with Plaintiff's RFC. (PageID.486-92). The doctor did, however, note that Plaintiff was "uncooperative" and exhibited "poor effort" during the examination. (PageID.486).

Moreover, the medical evidence does not support Plaintiff's extreme allegations. While Plaintiff has been diagnosed with reflex sympathetic dystrophy of the left foot and right shoulder, there is no objective evidence which supports the argument that such limits her to an extent greater than that recognized by the ALJ. To the contrary, the evidence indicates that Plaintiff responded quite well to physical therapy and has been treated with conservative methods such as physical therapy, medication, and exercise. (PageID.390-475, 494-586). In sum, the Court discerns no error in the ALJ's assessment of the opinions in question.

**II.        The ALJ Properly Evaluated Plaintiff's Impairments**

As noted above, the ALJ determined that Plaintiff suffers from multiple severe impairments. Plaintiff argues, however, that she is entitled to relief because the ALJ failed to find that she also suffered from additional mental impairments. At step two of the sequential disability

analysis articulated above, the ALJ must determine whether the claimant suffers from a severe impairment. The Sixth Circuit has held that where the ALJ finds the presence of a severe impairment at step two and proceeds to continue through the remaining steps of the analysis, the alleged failure to identify as severe some other impairment constitutes harmless error so long as the ALJ considered the entire medical record in rendering his decision. *See Maziarz v. Sec'y of Health and Human Services*, 837 F.2d 240, 244 (6th Cir. 1987); *Kirkland v. Commissioner of Social Security*, 528 Fed. Appx. 425, 427 (6th Cir., May 22, 2013) ("so long as the ALJ considers all the individual's impairments, the failure to find additional severe impairments. . .does not constitute reversible error"). A review of the ALJ's decision makes clear that he considered the entire record and all Plaintiff's impairments and limitations. Moreover, as discussed above, the ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.

**III.        The ALJ Properly Relied on the Vocational Expert's Testimony**

Plaintiff also argues that the ALJ's finding at Step V of the sequential evaluation process is unsupported by the evidence. While the ALJ may satisfy his burden through the use of hypothetical questions posed to a vocational expert, such questions must accurately portray Plaintiff's physical and mental impairments. *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996). The hypothetical question which the ALJ posed to the vocational expert simply asked whether there existed jobs which an individual could perform consistent with Plaintiff's RFC, to which the vocational expert indicated that there existed in the national economy approximately 150,000 such jobs. The ALJ's RFC determination is supported by substantial evidence and there was nothing improper or incomplete about the hypothetical questions the ALJ posed to the

vocational expert. The Court concludes, therefore, that the ALJ properly relied upon the vocational expert's testimony.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is **affirmed**. A judgment consistent with this opinion will enter.


Date:  February 8, 2017                               /s/ Ellen S. Carmody
                                                      ELLEN S. CARMODY
                                                      United States Magistrate Judge